*Nathan Greenberg*, pro se.

GEORGE MARTIN & another *vs.* MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. & others. March 6, 1979. The plaintiffs seek to set aside arbitration awards under margin account agreements they made with two stock brokerage firms. Neither of the contentions made by the plaintiffs on appeal has any merit. 1. The contention that the judge did not make adequate findings relative to the "execution and authenticity" of the arbitration agreements at the hearing in 1976 on the defendants' motion to stay (judicial) proceedings and compel arbitration is without substance. See G. L. c. 251, § 2(*a*). It is apparent from the detailed findings made by the motion judge that the point was not raised when the motion was argued and that all the objections to the arbitration clauses raised at that hearing were on wholly different

grounds. When the plaintiffs eventually attempted to raise that issue in March, 1977, on their motion to vacate the order of reference to arbitration, it was not timely, as four months had elapsed since the arbitrators had rendered their decision. See G. L. c. 251, § 12(b), as amended by St. 1972, c. 200, § 1. See also *Trustees of Boston & Me. Corp.* v. *Massachusetts Bay Transp. Authy.*, 363 Mass. 386, 394-395 (1973). 2. The plaintiffs' remaining contention is that the nature of the alleged misconduct is subject to certain Federal statutes and, thus, any provision to submit claims arising under the margin agreements to binding arbitration is void, citing *Wilko* v. *Swan,* 346 U.S. 427, 434-438 (1953). Aside from the fact, apparent on the record, that this contention was not properly raised in the Superior Court (see G. L. c. 251, §§ 2, 12[a][5]), it has no application to the circumstances of this case. See *Kavit* v. *A.L. Stamm & Co.*, 491 F.2d 1176, 1178 (2d Cir. 1974). The plaintiffs' underlying cause of action here is a simple claim for breach of contract, a claim which is governed entirely by State law; moreover, there is nothing in the complaint to suggest that that claim is created by or relies on Federal law.

*Judgment affirmed*
*with double costs.*

Donald P. Conway for the plaintiffs.
James C. Heigham (*Jacques C. Leroy* with him) for the defendants.